**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-3610-WJM-MEH

CHRISTOPHER WAYNE JONES,

    Plaintiff,

v.

JOHN SKULSTAD, M.D., Psychiatrist,
TINA MEDINA, Mental Health Provider,
JANE GILDEN, N.P.,
REGINA DERINGER, N.P., AND
BENT COUNTY CORRECTIONAL FACILITY,

    Defendants.

---

**ORDER ADOPTING DECEMBER 11, 2020 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the December 11, 2020 Report and Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 122) that the Court grant Defendants' four Motions to Dismiss (ECF Nos. 84, 91, 95 & 99) Plaintiff Christopher Wayne Jones's Second Amended Complaint ("SAC") (ECF No. 79). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons that follow, Jones's Objection is overruled and the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the SAC.[1]

Jones brings claims against Bent County Correctional Facility ("BCCF"), where he was previously incarcerated, as well as Dr. John Skulstad, Tina Medina, Regina Deringer, and Jane Gilden, who were his medical providers at other correctional facilities. (ECF No. 79.) The basis of Jones's claims is that, while incarcerated in various correctional facilities, medical care providers improperly treated his Parkinson's disease, and prescribed him medications which caused health impacts such as weight gain, loss of mobility, and tremors. (*Id.* at 8–20.) Jones alleges that the improper course of treatment constituted a violation of his rights under the First and Eighth Amendments, the Americans with Disabilities Act ("ADA"), and the Health Insurance Portability and Accountability Act[2] ("HIPAA"). (*Id.* at 8–20.) The Court assumes, as Judge Hegarty did, that Jones brings his constitutional claims pursuant to 42 U.S.C. § 1983.

Defendants filed a total of four Motions to Dismiss (ECF Nos. 84, 91, 95 & 99). Jones filed a Response to the Motions to Dismiss (ECF No. 105), and Defendants filed Replies to Jones's Responses (ECF Nos. 112, 115, 116 & 117).

On December 11, 2020, Judge Hegarty issued his Recommendation that the Motions to Dismiss be granted and that the SAC be dismissed in its entirety without

---

[1] The Court assumes the allegations contained in the SAC are true for the purpose of resolving the Motions to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).
[2] Jones refers to "HEPA," which the Court presumes to mean HIPAA.

leave to amend. (ECF No. 122.) Judge Hegarty reasoned that Jones's claims against BCCF were time-barred because all alleged constitutional violations occurred more than two years prior to the filing of Jones's initial Complaint. (*Id.* at 13–14.) Judge Hegarty further found that Jones failed to allege facts supporting a constitutional violation as required to state an Eighth Amendment deliberate indifference claim against the remaining Defendants, and that they were entitled to qualified immunity. (*Id.* at 16–22.) Judge Hegarty concluded that, as Jones had already amended his Complaint twice and nonetheless failed to state any viable claims for relief, further amendment would be futile and the SAC should be dismissed with prejudice. (*Id.* at 24.)

Jones filed an Objection to the Recommendation on December 28, 2020 ("Objection"). (ECF No. 124.) BCCF, Ms. Deringer, Dr. Skulstad, and Ms. Medina filed Responses to the Objection. (ECF Nos. 125, 126 & 127.)

## II. LEGAL STANDARD

### A.     Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept,

3

reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## B.     Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Because Jones is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

As earlier stated, Judge Hegarty found that Jones failed to state a claim for relief in his SAC, and recommended that the SAC be dismissed in its entirety without leave to amend. (ECF No. 122 at 24.) Jones's devotes his Objection largely to arguing that he should have been appointed counsel, and challenging Judge Hegarty's right to preside over this action. (ECF No. 124 at 1–3.) In a few sentences, Jones appears to argue that he was not aware of the harm caused by the alleged constitutional violations until 2018, and therefore his causes of action accrued within the statute of limitations period. (*Id.* at 2.) Jones does not object to the factual findings in the Recommendations, nor does he specifically discuss or even mention his claims under the First Amendment, the ADA, or HIPAA.

**A.     Statute of Limitations**

Jones's Eighth Amendment claim is subject to the two-year statute of limitations set forth in Colorado Revised Statute § 13-80-102(1)(g). *See* Colo. Rev. Stat. § 13-80-102(1)(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102

to a § 1983 claim). Accordingly, all conduct by Defendants which occurred prior to December 19, 2017 is not subject to challenge.

      i.    *BCCF*

BCCF argues that the claims against it are time-barred, as all alleged constitutional violations occurred prior to December 19, 2017. (ECF No. 84 at 2–3.) Jones alleges that he was incarcerated at BCCF between June and September 2013. (ECF No. 79 at 11–13.) He alleges that during his time there, a psychiatrist prescribed him psychotropic medications, which caused negative side effects such as fatigue and eventual brain damage. (*Id.* at 11–12.) He sent written medical complaints (*i.e.*, "kites") requesting to discontinue the medications, but his medical providers did not respond to his requests. (*Id.* at 11.)

As Judge Hegarty noted, all events attributable to BCCF necessarily took place before October 2013, when Jones was transferred to another correctional facility. (ECF No. 122 at 13.) Liberally construing Jones's Objection, he appears to posit that he did not learn of his injury stemming from the alleged wrongful conduct until 2018. (ECF No. 124 at 1.) To the extent that Jones argues that his cause of action did not accrue until a later time, this contention is undercut by the fact that Jones submitted internal facility kites stating that he was not legally required to take the prescribed medicine. (ECF No. 79 at 11.) Jones's SAC thus makes it quite clear that he was aware of the purported wrongful conduct in 2013, more than two years prior to the filing of his initial Complaint in 2019. (*Id.*) Accordingly, Jones's claims against BCCF are barred by the statute of limitations. The Court therefore adopts this portion of the Recommendation and dismisses Jones's claims against BCCF.

        ii.      *Dr. Skulstad and Ms. Medina*

Dr. Skulstad and Ms. Medina were Jones's medical care providers during his incarceration at Arkansas Valley Correctional Facility, where he was incarcerated between January 2014 and February 2019. (ECF No. 79 at 15–16.) They argue that Jones's claims are time-barred, because the alleged harmful conduct occurred more than two years prior to the filing of his Complaint. (ECF No. 99 at 2.) As Judge Hegarty found, all conduct that occurred before December 19, 2017 is not subject to challenge. (ECF No. 122 at 14; *see also* Colo. Rev. Stat. § 13-80-102(1)(g).) Accordingly, to the extent that Jones challenges the constitutionality of any actions by Dr. Skulstad and Ms. Medina before December 19, 2017, such claims are time-barred and therefore dismissed. The Court therefore only analyzes Jones's claims against Dr. Skulstad and Ms. Medina insofar as they concern conduct that occurred on or after December 19, 2017.

## B.    Eighth Amendment Deliberate Indifference Claims

Dr. Skulstad, Ms. Medina, Ms. Deringer and Ms. Gilden assert that Jones's Eighth Amendment claims are untenable because Jones does not plausibly allege a constitutional violation. (ECF No. 91 at 4; ECF No. 95 at 3; ECF No. 99 at 2.)

The basis of Jones's Eighth Amendment claims is deliberate indifference to serious medical needs. (ECF No. 79 at 4.) A deliberate indifference claim must satisfy both an objective and subjective prong. The objective prong requires the harm to be sufficiently serious as to implicate the Cruel and Unusual Punishment Clause, meaning that the condition "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's

7

attention." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).  The subjective component is met if an official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (10th Cir. 1994).

Judge Hegarty found that Jones failed to state an Eighth Amendment deliberate indifference claim against the individual Defendants because, essentially, all alleged wrongful conduct amounted to a mere disagreement as to the appropriate course of medical treatment and Jones's allegations did not satisfy the subjective component of the deliberate indifference inquiry.  (ECF No. 122 at 16–22.)  Judge Hegarty concluded that, because Jones could not establish a constitutional violation, the individual Defendants were entitled to qualified immunity.[3]  (*Id.* at 18–22.)

As stated, Jones focuses his Objection on the statute of limitations bar and his entitlement to appointed counsel.  (ECF No. 124 at 1–2.)  Jones does not specifically object to Judge Hegarty's findings that he failed to allege an Eighth Amendment violation and that qualified immunity bars suit against the individual Defendants, and the Court finds no clear error in his analysis.  Accordingly, this portion of the Recommendation is adopted and Jones's Eighth Amendment claims are dismissed pursuant to Rule 12(b)(6).

---

[3] To overcome a defendant's assertion of qualified immunity, a plaintiff must show that (1) the defendant violated the plaintiff's federal constitutional or statutory rights, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).  Accordingly, Jones's failure to establish a constitutional violation precludes him from overcoming a qualified immunity defense.

### C.     Remaining Claims

Jones also purports to bring claims for violations of his rights under the First Amendment, the ADA, and HIPAA. (ECF No. 79 at 8–20.) Judge Hegarty found that Jones failed to plausibly allege facts supporting a claim on any of these bases and recommended dismissal of the remaining claims. (ECF No. 122 at 11–12, 22–24.) Again, Jones did not object to Judge Hegarty's conclusion as to these claims. As the Court is satisfied that Judge Hegarty's analysis is not clearly erroneous or contrary to law, this portion of the Recommendation is adopted and Jones's First Amendment, ADA and HIPAA claims are dismissed pursuant to Rule 12(b)(6).

### D.     Futility of Amendment

Dismissal of an action is a harsh remedy, and a court may liberally grant a *pro se* litigant leave to cure pleading deficiencies. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). Such leave is not to be granted, however, where amendment would be futile. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014).

As discussed above, those of Jones's claims which are not barred by the statute of limitations fail to plausibly allege a constitutional violation or state a claim under any law invoked. The Court has previously granted Jones several opportunities to cure his pleading deficiencies, and he continues to assert untenable claims. (ECF Nos. 8, 71 & 73.) The Court finds that granting leave to file a third amended complaint would be futile, and therefore dismisses the SAC with prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     The Report and Recommendation (ECF No. 122) is ADOPTED in its entirety;

2. Jones's Objection (ECF No. 124) is OVERRULED;

3. BCCF's Motion to Dismiss (ECF No. 84) is GRANTED;

4. Ms. Deringer's Motion to Dismiss (ECF No. 91) is GRANTED;

5. Ms. Gilden's Motion to Dismiss (ECF No. 95) is GRANTED;

6. Dr. Skulstad and Ms. Medina's Motion to Dismiss (ECF No. 99) is GRANTED;

7. Jones's Second Amended Complaint (ECF No. 79) is DISMISSED WITH PREJUDICE;

8. The Clerk shall enter judgment in favor of Defendants BCCF, Dr. Skulstad, Ms. Medina, Ms. Deringer and Ms. Gilden, and against Plaintiff Christopher Wayne Jones;

9. The parties shall bear their own fees and costs; and

10. The Clerk shall terminate the case.

Dated this 18th day of February, 2021.

BY THE COURT:

William J. Martínez
United States District Judge